# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LJ DOLIN,

    Plaintiff,

    v.           No. 2:19-cv-310-WJ-CG

THYSSENKRUPP ELEVATOR
CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment [Doc. 3]. On February 27, 2019, Plaintiff filed a complaint against Defendant in New Mexico's First Judicial District Court alleging violations of the New Mexico Fair Pay for Women Act (FPWA). Doc. 1-1. Plaintiff claims Defendant discriminated against her on the basis of sex by not paying her a higher wage and that Defendant retaliated against her for seeking a higher wage. Doc. 1-1. Defendant removed the case on diversity grounds to this Court on April 4, 2019. Doc. 1. Defendant then filed the subject motion requesting the Court to dismiss Plaintiff's claims or, in the alternative, grant summary judgment.

The Court finds that Plaintiff's claims are plausible and, therefore, will focus its analysis on whether summary judgment is warranted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient

evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (citation omitted). The question "is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (citation omitted). When answering that question, the Court must view the evidence and draw all reasonable inferences from the underlying facts in the light most favorable to the party opposing summary judgment. *Id.*

Summary judgment motions are fact intensive. Defendant, however, does not provide the Court a record to make factual findings or resolve factual disputes. Defendant, instead, relies almost entirely on United States Magistrate Judge Gregory B. Wormuth's factual findings in *Dolin v. ThyssenKrupp Elevator Corp.*, 2019 WL 452740 (D.N.M. Feb. 5, 2019), a previously decided case between Plaintiff and Defendant concerning similar claims. In that case, Judge Wormuth granted Defendant's motion for summary judgment on Plaintiff's Equal Pay Act (EPA) claim because even though Plaintiff made a prima facie showing of discrimination, Defendant demonstrated that Plaintiff's pay differential was based on Plaintiff's performance problems, which is an affirmative defense under the EPA. *Dolin*, at *5-13. In relying on Judge Wormuth's factual findings in *Dolin* for this case, Defendant disregards the fact that this case concerns the FPWA, not the EPA; that the FPWA lacks the EPA's catch-all affirmative defense ("a differential based on any other factor other than sex"); and, most significantly, that the record in *Dolin* did not support granting Defendant summary judgment on Plaintiff's FPWA claim. *Compare* N.M. Stat. Ann. § 28-23-3(A) (FPWA), *with* 29 U.S.C. § 206(d)(1) (EPA); *Dolin*, at *19-21 (Judge Wormuth explaining that the FPWA does not incorporate the EPA's catch-all affirmative defense and that, as a result, Defendant's motion for summary judgment on Plaintiff's FPWA claim would have

been denied had Judge Wormuth exercised supplemental jurisdiction over it).

Plaintiff, in her Response, stated the following additional facts:

1. TKE's decision to deny Dolin the plus rate at the time of her 2010 reinstatement was made on an ad hoc basis, without any reference to an objective system for measuring the quality of her work against the work of other employees. *See* Ex. 1, ¶¶ 6, 7, 22, 28, 30.

2. During the time that Dolin was employed at TKE, TKE did not maintain any bona fide system that employed objective criteria to measure the quality of employee's work. *See* Ex. 1 ¶¶ 3 – 10, 22, 30. TKE has presented no evidence of any such system of measurement, but does state that the plus rate was removed and later denied to Dolin because TKE did not "believe" she was deserving of the rate. *See* Ex. 8 – 30(b)(6) Depo. p. 113.

Doc. 16 at 12. Plaintiff's facts are material because they go directly to whether Defendant can satisfy the FPWA's "merit system" affirmative defense. Defendant attempts to controvert Plaintiff's facts by relying exclusively on Judge Wormuth's factual findings in *Dolin*, despite Judge Wormuth having already explained that the record in *Dolin* did not support summary judgment on Plaintiff's FPWA claim. *Dolin*, at *19-21 ("If 'merit system' means the same under the FPWA as it does under the EPA, Defendant's motion for summary judgment on the FPWA claim would be denied on this record."). Defendant has failed to controvert Plaintiff's material facts. The Court, therefore, must treat Plaintiff's material facts as undisputed. *See* D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Response will be deemed undisputed unless specifically controverted."). Defendant, as a result, cannot show that summary judgment is warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [Doc. 3] is **DENIED**.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**